UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

Donald Thuillard and Mary
Thuillard,

            Plaintiffs,

        v.

UNITED STATES OF AMERICA "UNITED
STATES CUSTOMS AND BORDER
SECURITY",

            Defendant.

No. CV-04-368-FVS

ORDER

**THIS MATTER** is before the Court pursuant to the Defendant's
Motion to Dismiss and Alternatively for Summary Judgment (Ct. Rec.
34).  Plaintiffs are proceeding *pro se*.  Defendant is represented by
Pamela DeRusha.

**I.    BACKGROUND**

Plaintiff Mary Thuillard was a Senior Customs Inspector for the
United States Customs Service (now U.S. Customs and Border Protection)
(hereinafter "Customs") in Frontier, Washington from February 1994 to
February 2003.  In the Fall of 2000, Customs received information that
Mrs. Thuillard may have engaged in improper or illegal activities in
connection with her employment.[1]  Specifically, Customs received

---

[1] Plaintiffs contend these allegations were "generated by a
Customs Inspector who was in position to be eligible for
advancement and substantial gain through the removal of Inspector
Thuillard from her position."  However, the source of these
allegations does not present a material issue of fact with

ORDER - 1

information that at some time in 1998 Mrs. Thuillard allowed printer ink to enter the United States without payment of proper Customs duties and/or fees.  Further, Customs received information that Mrs. Thuillard's husband, Plaintiff Donald Thuillard, brought the ink into the United States from Canada, without properly declaring it and without paying appropriate Customs duties and/or fees.  After receiving this information, Customs Internal Affairs initiated an administrative investigation.  Before Internal Affairs completed its investigation, on April 10, 2002, a federal grand jury indicted Mrs. Thuillard in the United States District Court for the Eastern District of Washington.  Count 1 of the indictment charged Mrs. Thuillard with fraudulently and knowingly concealing and facilitating the transportation of merchandise (ink) imported contrary to law, in violation of 18 U.S.C. §§ 545 and 2.

Pursuant to its own regulations, Customs suspended Mrs. Thuillard indefinitely.  Customs also suspended its administrative investigation pending a final determination in the criminal case.  Mrs. Thuillard appealed Customs' decision to indefinitely suspend her to the Merit Systems Protection Board ("MSPB"), but on her request, the appeal was dismissed without prejudice and with leave to refile, pending the resolution of the criminal case.  On September 9, 2002, the district court dismissed the indictment against Mrs. Thuillard after finding that her vehicle did not qualify as a commercial vehicle under the criminal statute.

Shortly thereafter, Customs returned Mrs. Thuillard to pay

respect to the resolution of the present motion.

ORDER - 2

status, but then placed her on administrative leave while it considered whether further administrative action or investigation was warranted.  On February 4, 2003, Customs' Internal Affairs agents interviewed Mrs. Thuillard in an attempt to determine whether she had violated the U.S. Customs Code of Conduct.[2]  On February 5, 2003, Mrs. Thuillard submitted a letter of resignation.[3]  Thereafter, Mrs. Thuillard filed no further claims with the MSPB.  In August 2003, Mrs. Thuillard submitted a Claim for Financial Damages with Customs.  That claim was denied on April 5, 2004.

Plaintiffs filed this action against Customs, alleging its supervisors and agents maliciously prosecuted Mrs. Thuillard and thereafter maliciously and wrongfully pursued an administrative investigation against her.  Specifically, Mrs. Thuillard alleges she was falsely and unfairly accused of misconduct arising from her employment and unfairly interrogated by Customs over those allegations of misconduct.  Although it is difficult to discern from the Complaint, Plaintiffs appear to assert additional causes of action for

---

[2] Plaintiffs allege this "interrogation was carried out in complete 'Contempt of Court' since the indictments [in the criminal case] had been 'Dismissed with Prejudice'[.]" Plaintiffs' Response to Defendant's Statement of Material Facts, at 4:9-10.  However, the materials submitted to the Court indicate Mrs. Thuillard was advised that the continued investigation and interview conducted on February 4, 2003, was administrative in nature and not related to possible criminal misconduct.

[3] Plaintiffs acknowledge Mrs. Thuillard resigned, but they allege she resigned "under extreme duress and harassment designed to force her to resigne [sic]."  Plaintiffs' Response to Defendant's Statement of Material Facts, at 4:12-14.  This allegation provides the basis for several claims in Plaintiffs' Complaint.

ORDER - 3

defamation, malicious harassment, false accusation, and wrongful discharge.  Further, Plaintiffs' Amended Complaint asserts additional claims for constructive discharge and emotional distress.  As a result of these actions, Plaintiffs allege they have suffered financial difficulties and they seek (1) monetary compensation in the amount of $28,578,600.00, (2) a letter acknowledging that Mrs. Thuillard's employer took inappropriate actions, (3) a correction to Mrs. Thuillard's employment records reflecting that she "retired" instead of "resigned", (4) and Mrs. Thuillard's old badge to be returned to her mounted on a plaque.  Defendant moves to dismiss these claims for failure to state a claim upon which relief can be granted.  In the alternative, Defendant moves for summary judgment on Plaintiffs' claim of malicious harassment.

## II.   DISCUSSION

     As a preliminary matter, the Court notes that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of *pro se* litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S.Ct. 700, 701, 70 L.Ed.2d 551 (1982).  In this action, Plaintiffs are proceeding *pro se*.

### A.   *Standard of Review*

     A complaint should not be dismissed for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2

L.Ed.2d 80 (1957); *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997).  When the legal sufficiency of a complaint's allegations are tested with a motion under Rule 12(b)(6), "[r]eview is limited to the complaint." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).  All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).  The Court must give the plaintiff the benefit of every inference that reasonably may be drawn from well-pleaded facts. *Tyler v. Cisneros*, 136 F.3d 603, 607 (9th Cir. 1998).

A moving party is entitled to summary judgment when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 316, 323, 106 S.Ct. 2548, 2552 (1986).  "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).  Inferences drawn from facts are to be viewed in the light most favorable to the non-moving party, but that party must do more than show that there is some "metaphysical doubt" as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 572, 586-87, 106 S.Ct. 1348, 1356 (1986).  There is no issue for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511 (1986).  A mere "scintilla of evidence" in support of the non-moving party's position

ORDER - 5

is insufficient to defeat a motion for summary judgment.  *Id.* at 252, 106 S.Ct. at 2512.  The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact.  *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).  Rather, the non-moving party must present admissible evidence showing there is a genuine issue for trial.  Fed.R.Civ.P. 56(e); *Brinson v. Linda Rose Joint Venture*, 53 f.3d 1044, 1049 (9th Cir. 1995).  An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.  "If the evidence is merely colorable...or is not significantly probative,...summary judgment may be granted."  *Id.* at 249-50, 106 S.Ct. at 2511 (citations omitted).

### B.    *Jurisdiction*

Plaintiffs' Complaint does not identify the basis for this Court's jurisdiction.  Whether the United States has waived its sovereign immunity is a question of the Court's subject matter jurisdiction.  *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 769, 85 L.Ed. 1048 (1941) ("[T]he terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.").  Under the principle of sovereign immunity, the United States may only be sued where it has expressly consented to such suit by statute.  *Block v. North Dakota*, 461 U.S. 273, 287, 103 S.Ct. 1811, 1820, 75 L.Ed.2d 840 (1983).  A suit against a federal agency which seeks relief against the sovereign is, in effect, a suit against the sovereign.  *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687-88, 69 S.Ct. 1457, 1460-61, 93 L.Ed. 1628 (1949).

Accordingly, the principles of sovereign immunity apply to that agency. *Id.*; *Beller v. Middendorf*, 632 F.2d 788, 796 (9th Cir. 1980). A party suing the United States must point to an unequivocal waiver of sovereign immunity. *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). Plaintiffs' Complaint does not identify an unequivocal waiver of immunity. Plaintiffs allege various tort claims in their Complaint against Customs. These claims include malicious prosecution, malicious harassment, defamation, false accusation, wrongful discharge, constructive discharge, and emotional distress.

The Federal Tort Claims Act ("FTCA") waives the United States' sovereign immunity for tortious acts for which a private person would be liable in similar circumstances.[4] The FTCA specifically provides that claims arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights" are not covered by the FTCA with the exception that the torts of "assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution" are actionable if based on the acts of an "investigative or law enforcement officer." 28 U.S.C. 2680(h). The statute defines "investigative or law enforcement officer" to include "any officer of the United States who is empowered by law to execute

---

[4] Section 2675(a) of Title 28 prohibits the institution of an action of a claim under the FTCA prior to the final disposition of the claim by the appropriate federal agency. 28 U.S.C. § 2675(a). Plaintiffs filed a Claim for Financial Damages with U.S. Customs and Border Protection. This action was dismissed. Thus, it appears Plaintiffs satisfied the procedural requirements of the FTCA.

searches, to seize evidence, or to make arrests for violations of Federal law." *Id.* The Defendant admits that U.S. Customs and Border Protection officers are considered investigative or law enforcement officers according to the statute. Therefore, some of Plaintiffs' claims against the United States based on actions of Customs' agents can be considered under the FTCA.

Under the FTCA, state law determines the liability of an individual defendant. 28 U.S.C. § 1346(b); *United Scottish Insurance Co. v. United States*, 614 F.2d 188, 193 (9th Cir. 1979). Since the present cases involves allegations of tortious conduct in Washington, Washington state law applies.

## C.   *Civil Service Reform Act*

With the exception of the malicious prosecution claim, Defendant moves to dismiss all of Plaintiffs' claims for lack of subject matter jurisdiction. Specifically, Defendant argues the Court lacks subject matter jurisdiction over these claims because the alleged wrongful acts of the Customs' officers fall within the ambit of the Civil Service Reform Act (CSRA) (codified in various sections of 5 U.S.C.).

The CSRA precludes judicial review of the federal government's employment actions or practices except that which is provided by the act itself. *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983) (aerospace engineer's claims against federal space flight center for defamation and retaliatory demotion were dismissed because they arose out of employment relationship that was governed by CSRA). Specifically, the "CSRA limits federal employees challenging their

ORDER - 8

supervisors 'prohibited personnel practices' to an administrative remedial system." *Mahtesian v. Lee*, 406 F.3d 1131, 1134 (9th Cir. 2005).  If the conduct that Plaintiffs challenge in this action falls within the scope of the CSRA's "prohibited personnel practices," then the CSRA's administrative procedures are Plaintiffs' only remedy, and this Court cannot resolve Plaintiffs' claims.  "The CSRA defines 'prohibited personnel practices' as any 'personnel action' taken for an improper motive by someone who has authority to take personnel actions."  *Id.* (citing 5 U.S.C. § 2303(b)).  "Personnel action" includes any appointment, promotion, and disciplinary or corrective action.  5 U.S.C. § 2302(a)(2)(A)(I)-(xi).

Here, Customs' administrative investigation into allegations of misconduct by Mrs. Thuillard falls squarely within the interpreted meaning of "personnel actions."  The allegations of misconduct against Mrs. Thuillard were related to her employment and job responsibilities as a Customs Inspector.  She was alleged to have allowed merchandise into the United States from Canada without proper processing and payment of duties and fees while employed as a Customs Inspector and to have engaged in a business enterprise without prior notice to Customs and in conflict with her position as a Customs Investigator. As a result of these allegations, an investigation was commenced in accordance with Customs' administrative policy and procedure to determine if disciplinary action was appropriate.  Mrs. Thuillard was also interviewed as part of this investigation.  With the exception of the allegations supporting Plaintiffs' claim for malicious prosecution, the allegations in Plaintiffs' Complaint all arise out of

personnel actions and decisions related to Customs' decision to conduct an administrative investigation and the manner in which the investigation was conducted.  Thus, Plaintiffs' claims for defamation, false accusation, wrongful discharge, constructive discharge, and emotional distress fall within the CSRA.  Consequently, the Court lacks subject matter jurisdiction over these claims and they are dismissed.[5]  *See e.g., Saul v. United States*, 928 F.2d 829, 831 (9th Cir. 1991) (dismissing federal employee's claims against supervisor for violation of constitutional rights, invasion of privacy, defamation, and intentional and negligent infliction of emotional distress because the CSRA precludes state tort claims from the realm of federal employment); *Mahtesian*, 406 F.3d 1131 (federal employee's claims for defamation, interference with employment interest and invasion of privacy preempted by CSRA).

### D.   *Malicious Prosecution*

Plaintiffs' claim for malicious prosecution falls outside the ambit of the CSRA because it does not evolve out of Mrs. Thuillard's employment relationship with Customs.  Under Washington law, which relies on common law, a malicious prosecution claim arising from a criminal action requires the plaintiff to prove the following elements:

> (1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was

---

[5] Any other claims involving personnel actions and decisions relating to the administrative investigation, that Plaintiffs attempt to assert in the Complaint, are also preempted by the CSRA and shall be dismissed.

ORDER - 10

want of probable cause for the institution or continuation
of the prosecution; (3) that the proceedings were instituted
or continued through malice; (4) that the proceedings
terminated on the merits in favor of the plaintiff, or were
abandoned; and (5) that the plaintiff suffered injury or
damage as a result of the prosecution.

*Clark v. Baines*, 150 Wash.2d 905, 912, 84 P.3d 245, 249 (2004)

(citation omitted).  Although the malicious prosecution plaintiff must

prove all required elements, malice and want of probable cause

constitute the gist of a malicious prosecution action.  *Id.*  Proof of

probable cause is an absolute defense to a claim for malicious

prosecution.  *Id.*

Under Washington law, a malicious prosecution plaintiff

establishes a prima facie case that there was no probable cause by

proving that the criminal proceedings were dismissed or terminated in

her favor.  *Pallett v. Thompkins*, 10 Wash.2d 697, 699, 118 P.2d 190,

191 (1941).  But, the defendant may rebut that prima facie case, and

prove probable cause as a matter of law, by demonstrating that before

instituting criminal proceedings the defendant made to the prosecutor

a good faith, full and fair disclosure of all of the material facts

known and the prosecutor then chose to initiate a criminal charge.

*Brooks v. Bolde*, 11 Wash.2d 37, 39, 118 P.2d 193, 194 (1941); *Hayes v.*

*Sears, Roebuck & Co.*, 34 Wash.2d 666, 680, 290 P.2d 468, 475 (1949).

In a federal prosecution, a grand jury, rather than the prosecutor,

determines the existence of probable cause.  *McCarthy v. Mayo*, 827

F.2d 1310, 1316 (1987).

Here, Plaintiffs have made a prima facie case for want of

probable cause since the indictment charging Mrs. Thuillard was

dismissed with prejudice.  However, this prima facie showing is refuted by the fact that the grand jury determined that probable cause existed when it indicted Ms. Thuillard.  The grand jury's determination of probable cause is a barrier to Plaintiffs' ability to state a claim of malicious prosecution based on the fact of Mrs. Thuillard's federal prosecution.  *See McCarthy v. Mayo*, 827 F.2d 1310, 1316 (1987)(holding that federal grand jury's determination of probable cause is a barrier to plaintiff's ability to state a claim of malicious prosecution).  The record contains no other evidence demonstrating lack of probable cause.  Plaintiffs only argue that the order dismissing the indictment with prejudice established "want of probable cause".  Therefore, Plaintiffs' claim for malicious prosecution is dismissed.

### E.   *Malicious Harassment*

Defendant contends Plaintiffs' claim for malicious harassment is barred by the CSRA because the allegations supporting this claim involve personnel actions related to Customs' decision to conduct an administrative investigation.  "Personnel action" includes any appointment, promotion, and disciplinary or corrective action.  5 U.S.C. § 2302(a)(2)(A)(I)-(xi).  With respect to Plaintiffs' claim for malicious harassment, Plaintiffs' allege that during the administrative interview, Customs Agents Paul Anderson and David Hynes ordered Mrs. Thuillard "to sign under threat of punishment" a "GAG Order."  Complaint, at ¶ 3, 4.

However, even if Plaintiffs' claim for malicious harassment is not preempted by the CSRA, Defendant argues that it has not waived its

ORDER - 12

sovereign immunity with respect to this tort because the FTCA is silent on a claim for malicious harassment when allegedly committed by a law enforcement officer acting in a law enforcement capacity. *See Lane v. Pena*, 518 U.S. 187, 192, 116 S.Ct. 2092 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied[.]").

The FTCA does not explicitly waive the United States' sovereign immunity as to the intentional tort of malicious harassment, when allegedly committed by a law enforcement officer acting in a law enforcement capacity. Moreover, the Court is aware of no other authority waiving the United States' sovereign immunity as to this tort. However, to the extent Plaintiffs' claim for malicious harassment is permissible under the FTCA, the Court dismisses the claim because Plaintiffs have not alleged facts, which, if true, constitute a claim of malicious harassment.

Washington state law recognizes the availability of a civil tort action for malicious harassment and it mirrors the elements of the criminal action for malicious harassment found at RCW 9A.36.080. *See* Wash.Rev.Code Ann. § 9A.36.080; *Ziegler v. Ziegler*, 28 F.Supp.2d 601, 618 (E.D. Wash. 1998). Malicious harassment includes the malicious and intentional infliction of physical injury, physical damage to property, or threats of harm which leave a person in reasonable fear of harm, and which is motivated by the perpetrator's "perception of the victim's race, color, religion, ancestry, national origin, gender, sexual orientation, or mental, physical, or sensory handicap[.]" Wash.Rev.Code Ann. § 9A.36.080. Thus, Plaintiffs must allege and

prove that Customs' law enforcement agents intentionally and maliciously harmed Plaintiffs physically, damaged Plaintiffs' property, or threatened Plaintiffs because of their association with one of the identified group classifications.  However, Plaintiffs' Complaint does not allege physical harm, damage to property, or threats of physical harm based on their gender, race, color, religion, sexual orientation, or handicap.  Therefore, because Plaintiffs' Complaint does not allege any facts, which, if proven, could state a claim for malicious harassment under Washington law, the claim is dismissed.  Accordingly,

**IT IS HEREBY ORDERED:**

1.   Defendant's Motion to Dismiss and Alternatively for Summary Judgment (**Ct. Rec. 34**) is **GRANTED.**  Plaintiffs' Complaint is **DISMISSED.**

2.   Plaintiffs' Motion for Order to Show Cause and Motion to Set Aside Defendant's Motion to Dismiss and Alternative for Summary Judgment (**Ct. Rec. 43**) is **MOOT.**

3.   Plaintiffs' Motion for Extension of Time to File Response / Reply (**Ct. Rec. 54**) is **MOOT.**

4.   Plaintiffs' Motion to Expedite (**Ct. Rec. 56**) is **MOOT.**

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this Order, furnish copies to counsel, and **CLOSE THE FILE.**

**DATED** this 26th day of January, 2006.

s/ Fred Van Sickle
Fred Van Sickle
United States District Judge

ORDER - 14