UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DONALD R.N. THUILLARD and MARY S.
THUILLARD,

                    Plaintiffs,

          v.

UNITED STATES OF AMERICA,

                    Defendant.

No. CV-04-0368-FVS

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS AND TO
AMEND CAPTION AND DENYING
PLAINTIFFS' REQUESTS FOR THE
DISCLOSURE OF DOCUMENTS

     **THIS MATTER** comes before the Court on Defendants' motion to dismiss Plaintiff Donald R.N. Thuillard and to amend the caption by removing U.S. Customs and Border Security (Ct. Rec. 81) and Plaintiffs' requests for the disclosure of documents (Ct. Rec. 120, 124).  Plaintiffs are proceeding pro se.  Defendants are represented by Andrew S. Biviano.

I.   **BACKGROUND**

     Plaintiff Mary Thuillard was a Senior Customs Inspector for the United States Customs Service (now U.S. Customs and Border Protection) ("Customs") in Frontier, Washington from February 1994 to February 2003.  In the Fall of 2000, Customs received information that at some time in 1998 Mrs. Thuillard may have allowed printer ink to enter the United States without payment of proper Customs duties and/or fees. Before Internal Affairs completed its investigation, on April 10, 2002, a federal grand jury indicted Mrs. Thuillard in the United

ORDER . . . - 1

States District Court in the Eastern District of Washington.  The indictment charged Mrs. Thuillard with fraudulently and knowingly concealing and facilitating the transportation of merchandise (ink) imported contrary to law, in violation of 18 U.S.C. §§ 545 and 2.

Pursuant to its own regulations, Customs suspended Mrs. Thuillard indefinitely.  Customs also suspended its administrative investigation pending a final determination in the criminal case.  Mrs. Thuillard appealed Customs' decision to indefinitely suspend her to the Merit Systems Protection Board ("MSPB"), but on her request, the hearing was dismissed without prejudice and with leave to refile, pending the resolution of the criminal case.  On September 9, 2002, the district court dismissed the indictment against Mrs. Thuillard.

Shortly thereafter, Customs returned Mrs. Thuillard to pay status, but then placed her on administrative leave while it considered whether further administrative action or investigation was warranted.  On February 4, 2003, Customs' Internal Affairs agents interviewed Mrs. Thuillard in an attempt to determine whether she had violated the U.S. Customs Code of Conduct.  On February 5, 2003, Mrs. Thuillard submitted a letter of resignation.[1]  Thereafter, Mrs. Thuillard filed no further claim or complaint with the MSPB.  In August 2003, Mrs. Thuillard submitted a Claim for Financial Damages with Customs.  That claim was denied on April 5, 2004.

Plaintiffs, Donald and Mary Thuillard, filed this action against Defendants, alleging its supervisors and agents maliciously prosecuted

---

[1]Plaintiffs acknowledge Mary Thuillard resigned, but they allege she resigned "under extreme duress and harassment designed to force her to resign."

ORDER . . . - 2

Mrs. Thuillard and thereafter maliciously and wrongfully pursued an administrative investigation. Specifically, Mrs. Thuillard alleges she was falsely and unfairly accused of misconduct arising from her employment and unfairly interrogated by Customs over those allegations of misconduct. Plaintiffs also appeared to assert additional causes of action for defamation, malicious harassment, false accusation, and wrongful discharge. Further, Plaintiffs' Amended Complaint asserted additional claims for constructive discharge and emotional distress. (Ct. Rec. 33). Plaintiffs allege they have suffered financial difficulties and they seek (1) monetary compensation in the amount of $28,578,600.00, (2) a letter acknowledging that Mrs. Thuillard's employer took inappropriate actions, (3) a correction to Mrs. Thuillard's employment records reflecting that she "retired" instead of "resigned", and (4) Mrs. Thuillard's old badge to be returned to her mounted on a plaque. (Ct. Rec. 1).

On January 26, 2006, the Court entered an order that granted Defendants' September 21, 2005 motion to dismiss and closed the file. (Ct. Rec. 58). Plaintiffs subsequently appealed, and the Ninth Circuit affirmed in part and reversed in part. (Ct. Rec. 74). The Ninth Circuit concluded that the Court erred by dismissing Plaintiffs' malicious prosecution claim. Accordingly, Plaintiffs' sole remaining allegation is that Customs' supervisors and agents maliciously prosecuted Mary Thuillard.

On March 28, 2008, Defendants moved to dismiss Plaintiff Donald R.N. Thuillard due to a lack of standing. (Ct. Rec. 81). Defendants also requested that the case caption be amended to remove any

ORDER . . . - 3

reference to U.S. Customs and Border Security.  (Ct. Rec. 81).
Plaintiffs filed a response in opposition (Ct. Rec. 103) and
Defendants filed a reply brief (Ct. Rec. 104).

**II.  DISCUSSION**

    **A.  *Donald R.N. Thuillard***

    The jurisdiction of a federal court is limited to actual cases
and controversies.  U.S. Const. art. III, § 2, cl. 1.  In order for
the Court to have subject matter jurisdiction over a case, a litigant
must establish proper standing to sue.  *See Simon v. Eastern Kentucky
Welfare Rights Org.*, 426 U.S. 26, 41-42, 96 S.Ct. 1917, 1926, 48
L.Ed.2d 450 (1976).  If the Court finds that it lacks subject matter
jurisdiction, it shall dismiss the action.  Fed. R. Civ. P. 12(h)(3).

    At its "irreducible constitutional minimum," standing requires
proof of three things.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555,
560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992) (citations omitted).
"First, the plaintiff must have suffered an 'injury in fact' . . . ."
*Id.* (citations omitted).  "Second, there must be a causal connection
between the injury and the conduct complained of -- the injury has to
be 'fairly traceable to the challenged action of the defendant, and
not the result of the independent action of some third party not
before the court.'"  *Id.* at 560-61, 112 S.Ct. at 2136 (quoting *Simon*,
426 U.S. at 41-42, 96 S.Ct. at 1926, 48 L.Ed.2d 450) (internal
punctuation omitted).  "Third, it must be likely, as opposed to merely
'speculative,' that the injury will be 'redressed by a favorable
decision.'"  *Id.* at 561, 112 S.Ct. at 2136 (quoting *Simon*, 426 U.S. at
38, 43, 96 S.Ct. at 1924, 1926).

ORDER . . . - 4

Plaintiffs' complaint does not allege or suggest that Mr. Thuillard was harmed by Defendants in a personal and individual manner. (Ct. Rec. 1). In fact, Mr. Thuillard is not even mentioned in the body of Plaintiffs' complaint. (Ct. Rec. 1). It is uncontested that Mr. Thuillard was not prosecuted and that Mr. Thuillard did not suffer a direct injury as a result of the prosecution of Mrs. Thuillard. Furthermore, Plaintiffs concede that Mr. Thuillard did not file a separate claim because "the calculations of losses were all inclusive in Mrs. Thuillard's Claim." (Ct. Rec. 103 at 3).

While Mr. Thuillard contends that his particularized injury is the loss of Mrs. Thuillard's income which resulted in an inability to pay life insurance premiums and the ultimate loss of the life insurance policy (Ct. Rec. 103 at 1-2), Plaintiffs fail to present persuasive legal authority to support their assertion that a family member of a person alleging malicious prosecution has standing to sue in his or her own right. The only legal support cited by Plaintiffs is a case from the United States District Court in the Central District of Massachusetts. (Ct. Rec. 103 at 2-3). In that case, the district court awarded the wives of men who were wrongly imprisoned damages for intentional infliction of emotional distress and for loss of consortium. Aside from being non-binding case law, the Massachusetts District Court case is inapposite because Mr. Thuillard has not raised a claim for loss of consortium in this case.

///

///

ORDER . . . - 5

The burden of proving subject matter jurisdiction rests upon Plaintiff, the "party invoking the federal court's jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). Plaintiffs' remaining claim in the instant action is that Customs supervisors and agents maliciously prosecuted Mary Thuillard. Mr. Thuillard only seeks relief as a spouse of the allegedly maliciously prosecuted Plaintiff, Mary Thuillard. Donald R.N. Thuillard has failed to demonstrate he has standing in this action. Therefore, Plaintiff Donald R.N. Thillard shall be dismissed from this lawsuit.

###   B.   *Caption Change*

Defendants additionally request that the Court amend the case caption to remove "United States Customs and Border Security," which would result in the properly named Defendant, the United States of America, being the sole defendant named in the caption of this case. (Ct. Rec. 81).

The Federal Torts Claims Act does not authorize suits against federal agencies. 28 U.S.C. 2679(a). Although Customs has been a named party to this action and has been listed in the caption of all pleadings since October 2004, the proper defendant is the United States of America, not the United States Customs and Border Security, pursuant to the Federal Torts Claims Act. Furthermore, Plaintiffs' response in opposition to removing United States Customs and Border Security from the caption is not convincing. (Ct. Rec. 103 at 5). Accordingly, the caption shall be amended to reflect the appropriate defendant in this case, the United States of America. The United States Customs and Border Security shall be removed from the caption.

ORDER . . . - 6

### C.    Plaintiffs' Motions to Compel

On July 23 and 29, 2008, Plaintiffs filed requests for the disclosure of documents.  (Ct. Rec. 120, 124).  These requests for disclosure are construed as motions to compel.

Plaintiffs are advised to review paragraph five of the Scheduling Order (Ct. Rec. 80), the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Washington.  Plaintiffs have failed to comply with Fed. R. Civ. P. 37(a)(2)(A) and LR 37.1(b) which require the parties to meet and confer in an attempt to resolve their differences prior to requesting court action.  Moreover, Plaintiffs failed to follow LR 7.1, which governs motion practice, by neglecting to file a separate memorandum setting forth the points and authorities relied upon in support of the motion.[2]

Based on the foregoing, Plaintiffs' motions to compel (Ct. Rec. 120, 124) are denied at this time, with leave to renew, if necessary, following a conference by the parties in accordance with Fed. R. Civ. P. 37(a)(2)(A) and LR 37.1(b).  Plaintiffs are directed to file all future motions in accordance with the Federal Rules of Civil Procedure and this Court's local rules.

The Court being fully advised, **IT IS HEREBY ORDERED as follows**:

1.  Defendants' Motion to dismiss Plaintiff Donald R.N. Thuillard from this lawsuit **(Ct. Rec. 81) is GRANTED.**

---

[2]"A failure to timely file a memorandum of points and authorities in support of or in opposition to any motion may be considered by the Court as consent on the part of the party failing to file such memorandum to the entry of an Order adverse to the party in default."  LR 7.1(h)(5); LR 7.1(b).

ORDER . . . - 7

1      2.  Defendants' motion to amend the caption is **GRANTED**.

2      3.  The Clerk District Court Executive is directed to **AMEND** the

3 caption in this case to remove the United States Customs and Border

4 Security.  All future filings in this case shall reflect the

5 appropriate defendant, the United States of America.

6      4.  Plaintiffs' recently filed requests for the disclosure of

7 documents **(Ct. Rec. 120 & 124)** are **DENIED, without prejudice.**

8      **IT IS SO ORDERED.**  The District Court Executive is hereby

9 directed to enter this order and furnish copies to counsel.

10     **DATED** this ____6th____ day of August, 2008.

11

12              _____s/Fred Van Sickle_____
                        Fred Van Sickle
13             Senior United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER . . . - 8