UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MARY S. THUILLARD,

               Plaintiff,

      v.

UNITED STATES OF AMERICA,

               Defendant.

No. CV-04-0368-FVS

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court on the parties' motions for summary judgment on Plaintiff's remaining claim of malicious prosecution. Plaintiff filed her motion for summary judgment on May 5, 2008. (Ct. Rec. 94). Defendant filed its cross-motion for summary judgment on June 6, 2008. (Ct. Rec. 113). The motions were noted for hearing without oral argument. Plaintiff is proceeding pro se. Defendant is represented by Andrew S. Biviano.

    **BACKGROUND**

    Plaintiff Mary Thuillard was a Senior Customs Inspector for the United States Customs Service (now U.S. Customs and Border Protection) ("Customs") in Frontier, Washington from February 1994 to February 2003. In the Fall of 2000, Customs received information that at some time in 1998 Mrs. Thuillard may have allowed printer ink to enter the United States without payment of proper Customs' duties and/or fees.

ORDER . . . - 1

On April 10, 2002, before Internal Affairs completed its investigation, a federal grand jury indicted Mrs. Thuillard in the United States District Court, Eastern District of Washington. The indictment charged Mrs. Thuillard with fraudulently and knowingly concealing and facilitating the transportation of merchandise (ink) imported contrary to law, in violation of 18 U.S.C. §§ 545 and 2.

Pursuant to its own regulations, Customs suspended Mrs. Thuillard indefinitely. Customs also suspended its administrative investigation pending a final determination in the criminal case. Mrs. Thuillard appealed Customs' decision to indefinitely suspend her to the Merit Systems Protection Board ("MSPB"), but, on her request, the hearing was dismissed without prejudice and with leave to refile, pending the resolution of the criminal case. On September 9, 2002, the district court dismissed the indictment against Mrs. Thuillard.

Shortly thereafter, Customs returned Mrs. Thuillard to pay status, but then placed her on administrative leave while it considered whether further administrative action or investigation was warranted. On February 4, 2003, Customs Internal Affairs agents interviewed Mrs. Thuillard in an attempt to determine whether she had violated the U.S. Customs Code of Conduct. On February 5, 2003, Mrs. Thuillard submitted a letter of resignation.[1]  Thereafter, Mrs. Thuillard filed no further claim or complaint with the MSPB. In August 2003, Mrs. Thuillard submitted a Claim for Financial Damages with Customs. That claim was denied on April 5, 2004.

---

[1]Plaintiff acknowledges Mary Thuillard resigned, but alleges she resigned "under extreme duress and harassment designed to force her to resign."

ORDER . . . - 2

1    Donald and Mary Thuillard, filed this action against Defendant,

2  alleging its supervisors and agents maliciously prosecuted Mrs.

3  Thuillard and thereafter maliciously and wrongfully pursued an

4  administrative investigation against her.  Specifically, Mrs.

5  Thuillard alleges she was falsely and unfairly accused of misconduct

6  arising from her employment and unfairly interrogated by Customs over

7  those allegations of misconduct.  Plaintiff also appeared to assert

8  additional causes of action for defamation, malicious harassment,

9  false accusation, and wrongful discharge.  Plaintiff's Amended

10 Complaint also asserted additional claims for constructive discharge

11 and emotional distress.  (Ct. Rec. 33).  Plaintiff alleged Donald and

12 Mary Thuillard suffered financial difficulties and sought (1) monetary

13 compensation in the amount of $28,578,600.00, (2) a letter

14 acknowledging that Mrs. Thuillard's employer took inappropriate

15 actions, (3) a correction to Mrs. Thuillard's employment records

16 reflecting that she "retired" instead of "resigned", and (4) to have

17 Mrs. Thuillard's old badge returned to her mounted on a plaque.  (Ct.

18 Rec. 1).

19    On January 26, 2006, the Court entered an order granting

20 Defendant's September 21, 2005 motion to dismiss and closed the file.

21 (Ct. Rec. 58).  Plaintiff subsequently appealed, and the Ninth Circuit

22 affirmed in part and reversed in part.  (Ct. Rec. 74).  The Ninth

23 Circuit concluded the Court erred by dismissing Plaintiff's malicious

24 prosecution claim.  Accordingly, Plaintiff's only remaining allegation

25 is that Customs supervisors and agents maliciously prosecuted Mary

26 Thuillard.

ORDER . . . - 3

On March 28, 2008, Defendants moved to dismiss Plaintiff Donald Thuillard due to a lack of standing. (Ct. Rec. 81). On August 6, 2008, the Court granted Defendant's motion to dismiss Plaintiff Donald Thuillard from this lawsuit. (Ct. Rec. 126).

Now before the Court are the parties' cross motions for summary judgment on Plaintiff's sole remaining claim, the claim that she was maliciously prosecuted by Customs supervisors and agents.

**DISCUSSION**

**I.   Summary Judgment Standard**

A moving party is entitled to summary judgment when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265, 273-74 (1986). A material fact is one "that might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact may be considered disputed if the evidence is such that the fact-finder could find that the fact either existed or did not exist. *See id.* at 249, 106 S.Ct. at 2511 ("all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury . . . to resolve the parties' differing versions of the truth" (quoting *First National Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288-89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968))).

The party moving for summary judgment bears the initial burden of identifying those portions of the record that demonstrate the absence

ORDER . . . - 4

of any issue of material fact. *T.W. Elec. Service, Inc. v. Pac. Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987). Only when this initial burden has been met does the burden of production shift to the nonmoving party. *Gill v. LDI*, 19 F. Supp. 2d 1188, 1192 (W.D. Wash. 1998). Inferences drawn from facts are to be viewed in the light most favorable to the non-moving party, but that party must do more than show that there is some "metaphysical doubt" as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

Here, the facts upon which the Court relies are either undisputed or established by evidence that permits but one conclusion concerning the fact's existence.

**II. Analysis**

Plaintiff argues that she is entitled to summary judgment on her claim of malicious prosecution because she has submitted evidence demonstrating all elements of the claim. (Ct. Rec. 95). Defendant contends it is not liable, as a matter of law, for Plaintiff's malicious prosecution claim because Plaintiff is not able to establish that the prosecution of Mrs. Thuillard lacked probable cause or was instituted through malice. (Ct. Rec. 114 at 4).

The rule in Washington State is that, in order to succeed on a claim of malicious prosecution, Plaintiff must establish the following elements:

> (1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5)

that the plaintiff suffered injury or damage as a result of the prosecution.

*Clark v. Baines*, 150 Wash. 2d 905, 911, 84 P.3d 245, 248 (2004) (citing *Hanson v. City of Snohomish*, 121 Wash. 2d 552, 558, 852 P.2d 295 (1993)).  At issue in this case are the second and third elements of a malicious prosecution claim.  The undersigned finds that Plaintiff's claim fails, as a matter of law, because she is not able to establish that the prosecution of Mrs. Thuillard lacked probable cause or was instituted through malice.

**A.    Probable Cause**

Defendant contends that Plaintiff is not able to overcome the presumption in favor of probable cause created by the grand jury indictment in this case.  Defendant asserts that even if one were to accept all of Plaintiff's evidence as genuine, Plaintiff still lacks any actual evidence that false testimony was knowingly and intentionally provided to the grand jury.

"Probable cause exists where the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a *man of reasonable caution* in a belief that an offense has been or is being committed."  *Bender v. Seattle*, 99 Wash. 2d 589, 597, 664 P.2d 492, 502 (Wash. 1983) (emphasis in original).  This in an objective standard that may be applied in Washington State by a jury or a judge. *Id*.  A finding that a reasonable person would believe that an offense has been committed establishes probable cause and is an "absolute defense" to a claim of malicious prosecution.  *Clark*, 150 Wash. 2d at 912, 84 P.3d at 249.  In cases like this one, in which probable cause

was determined by a grand jury rather than the defendant, a plaintiff must meet an even higher bar in order to make a prima facie case.

The United States Supreme Court has established that a grand jury indictment is a sufficient basis for a finding of probable cause. *Federal Deposit Insurance Corp. v. Mallen*, 496 U.S. 230, 241 (1988) (stating "[a] grand jury had determined that there was probable cause to believe that appellee had committed a felony. Such an *ex parte* finding of probable cause provides sufficient basis for an arrest. . ."). *See, also, Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (stating that "[t]he Fourth Amendment requires that arrest warrants be based upon probable cause . . . a requirement that may be satisfied by an indictment returned by a grand jury") (internal quotations omitted); *Gilbert v. Homar*, 520 U.S. 924, 934 (1997) (stating that indictment by an independent third party indicates that the arrest and formal charges were not arbitrary).  The Ninth Circuit has also determined that in a federal criminal prosecution in which a grand jury finds probable cause, a presumption is created in favor of the malicious prosecution defendant that probable cause existed for the underlying prosecution.  *McCarthy v. Mayo*, 827 F.2d 1310, 1316 (9th Cir. 1987), *Conrad v. United States*, 447 F.3d 760, 768 (9th Cir. 2006).

While there is no Washington State case law concerning grand jury indictments, the presumption articulated by the Ninth Circuit is consistent with the parallel Washington rule in situations in which the prosecutor determines probable cause.  *Bender*, 664 P.2d at 500 ("If it clearly appears that the defendant, before instituting criminal proceedings against the plaintiff, made to the prosecuting

attorney a full and fair disclosure, in good faith, of all the material facts known to him . . . probable cause is thereby established as a matter of law" and operates as a complete defense to a malicious prosecution claim).

### 1. Dismissal of Indictment

As a result of United States Customs Service Senior Special Agent Paul Anderson's ("SSA Anderson's") testimony, the grand jury returned a two-count indictment against Mrs. Thuillard in the United States District Court, Eastern District of Washington.  Count 1 of the indictment charged that Mrs. Thuillard knowingly admitted into the United States goods, wares and merchandise, upon payment of less than the amount of duty legally due, in violation of 18 U.S.C. § 543 and § 2.  Count 2 charged that Ms. Thuillard knowingly concealed and facilitated the transportation of merchandise imported contrary to law, in violation of 18 U.S.C. § 545 and § 2.  (Ct. Rec. 116 ¶ 29).

Mrs. Thuillard moved to dismiss the indictment but did not dispute that she imported the ink or failed to pay any duties or fees.  Rather, Mrs. Thuillard argued that these actions did not amount to a criminal violation because the vehicle used to import the ink from Canada did not qualify as a "commercial truck" as the term is defined in 19 C.F.R. § 24.22(c) and therefore did not require the payment of an import fee.  (Ct. Rec. 116 ¶ 30).  Judge Nielsen agreed with Plaintiff and ruled that the vehicle at issue did not meet the definition of a commercial truck as defined by the regulation because it was not designed for the transportation of commercial merchandise.  ///

Judge Nielsen therefore dismissed the indictment against Mrs. Thuillard.

Nevertheless, prior to Judge Nielsen's ruling on the regulation, all Customs inspectors, including Mrs. Thuillard, collected the proper paperwork and fee from those making commercial importations, regardless of the type of vehicle being used. (Ct. Rec. 116 ¶¶ 22, 24, 25). At the time that SSA Anderson testified before the grand jury, there had never been a judicial finding limiting the fee to only commercial vehicles; therefore, the issue presented in Mrs. Thuillard's motion to dismiss the indictment was an issue of first impression. (Ct. Rec. 116 ¶ 30). SSA Anderson properly informed the grand jury to the best of his knowledge of the standard procedures for the importation of commercial merchandise. The grand jury based its finding of probable cause on SSA Anderson's information, which was consistent with the standard practice and procedure for Customs at that time.

It is significant to note that, while Plaintiff relies on Judge Nielsen's holding that the fee did not apply to their vehicle, it is undisputed that Plaintiff did not assert this argument prior to the indictment. Instead of arguing that she and her husband had not paid the fee because no fee was due, a position that would have been consistent with their argument that probable cause never existed for the indictment, Mrs. Thuillard maintained that she had declared the ink and paid the fee. It is thus logical to assume that Mrs. Thuillard believed she was required to declare and pay for all commercial importations, including those made in a personal vehicle.

ORDER . . . - 9

Prior to Judge Nielsen's ruling, the belief was that the merchandise processing fee applied to commercial merchandise being imported into the United States regardless of the vehicle being utilized for importation.  At the time of SSA Anderson's grand jury testimony, the legality of the merchandise processing fee rule had never been questioned.  Although Judge Nielsen's later interpretation of the regulation made the facts alleged legally insufficient for a conviction, the facts were still sufficient for the grand jury to find, at that time, that they established probable cause.  Accordingly, probable cause is not defeated by the dismissal of the indictment in this case.

### 2.  Grand Jury Testimony

In order to overcome the presumption in favor of probable cause created by the grand jury indictment and make a prima facie case of malicious prosecution, Plaintiff must produce evidence that Defendant procured the grand jury indictment through knowingly false or fraudulent means.  *Conrad*, 447 F.3d at 768 (if the "defendant *knows* that the facts he or she is asserting are not true, then . . . probable cause is nonexistent.") (internal quotation omitted) (italics in original); *Jones v. Jenkins*, 3 Wash. 17, 34, 27 P. 1022, 1027 (Wash. 1891) (stating that in order for malicious prosecution defendants to be found liable, the jury had to find that they willfully testified falsely).  Accordingly, for Plaintiff's malicious prosecution claim to remain viable, Plaintiff must show that SSA Anderson knowingly and intentionally perjured himself before the grand jury.

ORDER . . . - 10

A review of the evidence, and, in particular, SSA Anderson's testimony before the grand jury (Ct. Rec. 125-2), does not establish that SSA Anderson lied to the grand jury.  To the contrary, SSA Anderson's testimony is based on and supported by statements, observations, documents and receipts.

SSA Anderson testified before the grand jury that, based on his investigation, it was his belief that ink was purchased in Canada and brought into the United States without being declared by Plaintiff. (Ct. Rec. 125-2 at 289-290).  He stated that Mrs. Thuillard, as a Customs Inspector, would have known that a $5 merchandise processing fee would have to be paid with respect to the importation of the ink. (Ct. Rc. 125-2 at 291-292).  Yet, a comprehensive record search performed by Customs revealed no record of any items imported by Mrs. Thuillard or her husband during the relevant time period.  (Ct. Rec. 125-2 at 285-286).

SSA Anderson's testimony is fully supported.  Customs Inspector Todd Hopkins observed the actual importation on December 10, 1998, stating that he observed Mrs. Thuillard assist her husband in transferring boxes purportedly containing the ink from one car to another without declaring it, filing the necessary forms or paying the merchandise processing fee.  (Ct. Rec. 116 ¶¶ 4-9).  Michael Pazurik, the Canadian who sold the ink in question, describes his business dealings with the Thuillards and establishes the date of the importation with a dated sales invoice.  (Ct. Rec. 116 ¶¶ 10-19). Port Director Thomas Whalen performed a comprehensive record search for the relevant time period but did not find any importation forms

completed by Mrs. Thuillard or her husband.  (Ct. Rec. 116 ¶¶ 22-23). Customs Inspector Joanne Day states that Mrs. Thuillard provided her with ink refilling services in December of 1998, and Customs Inspector Jean MacLeod states that Mrs. Thuillard provided her with ink refilling services in the fall of 1999.  (Ct. Rec. 116 ¶¶ 24-25).

Plaintiff's allegations do not contradict the facts relied upon by SSA Anderson or show that the testimony given by SSA Anderson to the grand jury was knowingly false.

Plaintiff asserts that the boxes transferred on December 10, 2008, were flooring tiles rather than ink.  (Ct. Rec. 122 at 5). However, Plaintiff presented no proof that SSA Anderson knew the contents of the boxes and lied about it.  SSA Anderson inferred what was in the boxes based upon the statements from Mr. Pazurik and Mr. Hopkins as well as Mr. Pazurik's dated sales invoice.

Plaintiff asserts that Mr. Hopkins' recollection that Mr. Thuillard said he had gone to Canada to drink coffee was incorrect because he is a Mormon.  (Ct. Rec. 122 at 5).  This contention does not support Plaintiff's theory of the case, nor does it establish that SSA Anderson lied to the grand jury.

Plaintiff asserts that confirmed ink on Mr. Thuillard's hands at Thanksgiving evidences an earlier importation date, a date where Mrs. Thuillard was out of the state.  (Ct. Rec. 122 at 6-7).  The ink on Mr. Thuillard's hands at an earlier time does not demonstrate that it was impossible for a purchase of ink to have been made at a later time, on December 10th.  Ink on Mr. Thuillard's hands at Thanksgiving does not contradict the facts relied upon by SSA Anderson and

presented to the grand jury.  SSA Anderson's testimony, as noted above, is supported.  Again, there is no showing by Plaintiff that SSA Anderson knowingly and intentionally perjured himself before the grand jury.

Plaintiff alleges that Mr. Pazurik indicated that Mr. Thuillard picked up the ink in question in November 1998.  (Ct. Rec. 95 at 7). However, as noted by Defendant, Mr. Pazurik later clarified the earlier statement.  Mr. Pazurik informed SSA Anderson that the order was taken from Mrs. Thuillard in November of 1998 and that Mr. Thuillard took possession of the ink in December of 1998.  (Ct. Rec. 116 ¶¶ 17-19).  Mr. Pazurik provided a business record and an explanation to corroborate this statement.  *Id.*

Plaintiff also argues that Mr. Pazurik was coerced by Defendant to offer false statements.  (Ct. Rec. 95 at 16).  This argument is unsupported, and multiple declarations provided By Mr. Pazurik indicate that no coercion occurred.

Plaintiff contends that false testimony was presented to the grand jury when it was alleged that Plaintiff failed to pay a tariff on the ink in question.  Apparently, Plaintiff contends that utilization of the word "duty" must be interpreted to mean a "tariff." However, the grand jury was never informed that Plaintiff failed to pay a tariff in this case.  A review of the grand jury transcript reveals that SSA Anderson testified that if the proper duty had been paid with respect to the boxes of ink, the duty would have been "a $5 merchandise processing fee."  (Ct. Rec. 125-2 at 291).  This is the only "duty" SSA Anderson testified was owing, not a tariff.

ORDER . . . - 13

1    Plaintiff's supplemental memorandum filed on September 8, 2008,

2    argues that SSA Anderson lied to the grand jury by informing them that

3    a $5.00 merchandise processing fee was chargeable on the importation

4    of ink.  (Ct. Rec. 127).  While Judge Nielsen dismissed the indictment

5    against Mrs. Thuillard on this issue, at the time of SSA Anderson's

6    testimony before the grand jury, Customs officers routinely assessed

7    this fee on all commercial merchandise without regard to whether it

8    was imported in a commercial vehicle.  Accordingly, at most, SSA

9    Anderson's testimony was inaccurate after the fact.  It was certainly

10   not a knowingly and intentional false statement.

11   The evidence before the Court reveals that there is no genuine

12   dispute that SSA Anderson's testimony before the grand jury was

13   truthful.  SSA Anderson's testimony is based on and supported by the

14   statements and observations of several witnesses as well as documents

15   and receipts.  Plaintiff's version of the evidence, at most, shows

16   that SSA Anderson may have been mistaken in some of his factual

17   beliefs.  However, Plaintiff's pleadings do not contradict the

18   material facts disclosed to the grand jury by SSA Anderson.  Plaintiff

19   fails to provide proof that the testimony given by SSA Anderson to the

20   grand jury was knowingly false.  As such, the probable cause

21   presumption is not overcome and Plaintiff's cause of action for

22   malicious prosecution must be dismissed.

23   **B.    Malice**

24   Even if Plaintiff was able to prove that there was no probable

25   cause for the institution or continuation of the prosecution, the

26   ///

ORDER . . . - 14

facts demonstrate that Defendant did not initiate or continue the proceedings through malice.

It is not sufficient for a malicious prosecution plaintiff to establish only that a prosecution lacked probable cause. A plaintiff must also establish that the prosecution was initiated with malice, which "has a broader [legal] significance than that which is applied to it in ordinary parlance." *Peasley v. Puget Sound Tug & Barge Co.*, 13 Wash. 2d 485, 502, 125 P.2d 681, 689 (1942). "Impropriety of motive may be established in cases of this sort by proof that the defendant instituted the criminal proceedings against the plaintiff: (1) without believing him to be guilty, or (2) primarily because of hostility or ill will toward him, or (3) for the purpose of obtaining a private advantage as against him." *Id.* (Citations omitted). While malice may be inferred from a showing of lack of probable cause, it is not a necessary deduction from this circumstance. *Bender*, 664 P.2d at 501.

To prevail on her malicious prosecution claim, Plaintiff must prove malice by presenting evidence that SSA Anderson sought the indictment against Mrs. Thuillard without believing her to be guilty, primarily because of hostility or ill will toward her, or for the purpose of obtaining a private advantage against her. *Peasley*, 125 P.2d at 689. Plaintiff has not produced evidence establishing that any of these reasons motivated the decision to seek an indictment. In fact, Plaintiff has not even speculated on what basis SSA Anderson or the Office of Internal Affairs might have had to harbor hostility or ill will toward Mrs. Thuillard. There has been no showing that

ORDER . . . - 15

Defendant's decision to seek an indictment and maintain the prosecution of Plaintiff was based on personal hostility or ill will toward Mrs. Thuillard.  Plaintiff has made no factual showing which raises an objectively reasonable inference or colorable claim of malice.  Therefore, Plaintiff's claim of malicious prosecution fails, as a matter of law, based on the element of malice as well.

**CONCLUSION**

Plaintiff bears the burden of proving that the grand jury received knowingly false testimony in order to overcome the presumption in favor of probable cause created by the grand jury indictment.  Plaintiff is not able to show that Defendant procured the grand jury indictment through knowingly false or fraudulent means. Moreover, even if Plaintiff was able to overcome the presumption that probable cause existed, the facts demonstrate that Defendant did not initiate or continue the proceedings through malice.  Plaintiff is not able to establish that the prosecution of Mrs. Thuillard lacked probable cause or was instituted through malice.  Accordingly, Defendant is not liable, as a matter of law, for Plaintiff's malicious prosecution claim.

The Court being fully advised, **IT IS HEREBY ORDERED as follows:**

1.  Defendant's Motion for Summary Judgment **(Ct. Rec. 113)** is **GRANTED.**

2.  Plaintiff's Motion for Summary Judgment **(Ct. Rec. 94)** is **DENIED.**

3.  Judgment shall be entered in favor of Defendant and Plaintiff's action shall be dismissed in its entirety.

ORDER . . . - 16

1          **IT IS SO ORDERED.**  The District Court Executive is hereby

2    directed to enter this order, provide copies to Plaintiff and counsel,

3    **enter judgment in favor of Defendant** and **close the file**.

4          **DATED** this    29th    day of September, 2008.

5

6                              S/Fred Van Sickle
                        _____
                              Fred Van Sickle
7                      Senior United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER . . . - 17