UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARY S. THUILLARD,<br><br>         Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>         Defendant. | No. CV-04-0368-FVS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT |

**THIS MATTER** comes before the Court on Plaintiff's motion to vacate judgment. (Ct. Rec. 132). Plaintiff has filed an additional motion to censure Defendant's attorney and to enter judgment by default in favor of Plaintiff. (Ct. Rec. 136). Plaintiff is proceeding pro se. Defendant is represented by Andrew S. Biviano.

**PROCEDURAL BACKGROUND**

On January 26, 2006, the Court entered an order granting Defendant's September 21, 2005 motion to dismiss and closed the file. (Ct. Rec. 58). Plaintiff subsequently appealed, and the Ninth Circuit affirmed in part and reversed in part. (Ct. Rec. 74). The Ninth Circuit concluded that the Court erred by dismissing Plaintiff's malicious prosecution claim. Plaintiff's remaining claim on remand from the Ninth Circuit was that Customs supervisors and agents maliciously prosecuted Mary Thuillard.

On September 29, 2008, the Court found that Plaintiff was not able to establish that the prosecution of Mrs. Thuillard lacked

ORDER . . . - 1

probable cause or was instituted through malice.  Accordingly, the Court determined that Defendant was not liable, as a matter of law, for Plaintiff's malicious prosecution claim.  (Ct. Rec. 129).  The Court granted Defendant's motion for summary judgment (Ct. Rec. 113), denied Plaintiff's motion for summary judgment (Ct. Rec. 94) and dismissed Plaintiff's action in its entirety.  (Ct. Rec. 129).  Now before the Court is Plaintiff's November 17, 2008, motion to vacate the judgment dismissing her suit.  (Ct. Rec. 132).

**DISCUSSION**

**I.  Plaintiff's Notice of Appeal**

On December 1, 2008, before the Court had an opportunity to address Plaintiff's November 17, 2008 motion to vacate judgment, Plaintiff filed a notice of appeal from this Court's decision with the Ninth Circuit Court of Appeals.  (Ct. Rec. 140).

Pursuant to Fed. R. App. P. 4(a), if a party files a notice of appeal after the Court enters judgment but before the Court addresses a motion for reconsideration, "the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."  Fed. R. App. P. 4(a)(4)(B)(i).  Accordingly, this Court retains jurisdiction to address the pending motion, despite the filing of a notice of appeal by Plaintiff.

**II.  Reconsideration**

It is a basic principle of federal practice that "courts generally . . . refuse to reopen what has been decided . . . ." *Messinger v. Anderson,* 225 U.S. 436, 444 (1912); *see, Magnesystems,*

ORDER . . . - 2

*Inc. v. Nikken, Inc.*, 933 F.Supp. 944, 948 (C.D. Cal. 1996). The Federal Rules of Civil Procedure do not mention a "motion for reconsideration." Even so, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within ten days of entry of judgment. *United States v. Nutri-Cology, Inc.*, 982 F.2d 394, 397 (9th Cir. 1992). Otherwise, it is treated as a Rule 60(b) motion. *See, United States v. Clark*, 984 F.2d 31, 34 (2d Cir. 1993).

A motion for reconsideration should not be used "to ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mech. Contrs., Inc.*, 215 F.R.D. 581, 582 (D. Ariz. 2003). *See, also, Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1988) (holding denial of a motion for reconsideration proper where "it presented no arguments that had not already been raised in opposition to summary judgment"); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (same). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F. Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)); *see, Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142 n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000).

Here, Plaintiff moved for reconsideration over ten days after the Court entered its order dismissing her case. Thus, Plaintiff's request for relief will be construed as a Rule 60(b) motion.

ORDER . . . - 3

Reconsideration is available under Rule 60(b) upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

Based on Plaintiff's assertions in the instant motion, relief is unavailable under Rule 60(b) in this case. Plaintiff has demonstrated no new or different facts or circumstances, newly discovered evidence, fraud, or mistake, inadvertence, surprise, or excusable neglect to warrant reconsideration. Nor has she alleged that relief is appropriate under Rule 60(b)(4)-(6). Plaintiff merely reargues points she raised previously and wants this Court to change its mind. Plaintiff does not provide a proper basis for this Court to reconsider its judgment in this matter under Rule 60(b).

**III.  Motion to Censure and for Judgment by Default**

On November 24, 2008, Plaintiff filed a motion to censure Defendant's attorney and to enter judgment, by default, in favor of Plaintiff. (Ct. Rec. 136). The basis for Plaintiff's motion is that Defendant's attorney committed certain acts of misconduct prior to the Court's ruling on the cross-motions for summary judgment. (Ct. Rec. 136).

As noted by Defendant in its response, Plaintiff's motion is based almost entirely on statements contained in Defendant's June 6, 2008 memorandum in support of its successful cross-motion for summary judgment (Ct. Rec. 114). (Ct. Rec. 139). The Court's order dismissing the action was entered on September 29, 2008. Plaintiff

ORDER . . . - 4

provides no rationale for why she failed to make the instant allegations at a time prior to the Court's order of dismissal, in a reply or otherwise.  Plaintiff had nearly four months prior to the Court's order dismissing the case to do so, yet waited until almost two months after the Court's order to raise the claims.

Because this case has been dismissed and Plaintiff's request for relief is based on allegations of misconduct which occurred months prior to this Court's order dismissing the lawsuit, Plaintiff's motion is moot and the Court shall not address the merits of the motion.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's motion for reconsideration (**Ct. Rec. 132**) is **DENIED**.

2. Plaintiff's motion for censure of attorney Andrew S. Biviano and for judgment by default granting Plaintiff's claim (**Ct. Rec. 136**) is **DENIED as moot**.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel for Defendant **and to Plaintiff**.

**DATED** this   9th   day of December, 2008.

                    S/Fred Van Sickle
                    Fred Van Sickle
            Senior United States District Judge